# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| PANTAURUS LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:14-cv-00512-RC |
| | ) | |
| v. | ) | |
| | ) | PATENT CASE |
| ADOBE SYSTEMS INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |

## DEFENDANT ADOBE SYSTEMS INCORPORATED'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF PANTAURUS LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Adobe Systems Incorporated ("Adobe"), by and through its undersigned attorneys, hereby responds to the Complaint for Patent Infringement (the "Complaint") filed by Plaintiff PanTaurus LLC ("Plaintiff") as follows, denying Plaintiff's allegations and averments except those specifically admitted herein:

## PARTIES AND JURISDICTION

¶1. *This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.*

1. Adobe admits that the Complaint purports to be a patent infringement action arising under the Patent Act, and that the Complaint includes a prayer for injunctive relief and damages. Adobe denies that Plaintiff is entitled to the relief sought. Adobe otherwise denies the allegations of Paragraph 1 of the Complaint.

¶2. *Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.*

2. Adobe admits that this Court possesses subject matter jurisdiction over claims arising under the Patent Act. Adobe specifically denies that Plaintiff is entitled to any relief. Adobe otherwise denies the allegations of Paragraph 2 of the Complaint.

¶3. *Plaintiff PanTaurus LLC ("Plaintiff" or "PanTaurus") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 2305 North Street, Suite 205, Beaumont, Texas 77702.*

3. Adobe is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of the Complaint, and therefore denies those allegations.

¶4. *Upon information and belief, Defendant Adobe Systems Incorporated ("Defendant") is a Delaware corporation with a principal office located at 345 Park Ave., San Jose, CA 95110. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.*

4. Adobe admits that it is incorporated in the state of Delaware, and has a principal place of business at 345 Park Avenue, San Jose, California 95110. Adobe specifically denies that it has committed or is committing acts of patent infringement. Adobe otherwise denies the allegations in Paragraph 4 of the Complaint.

¶5. *On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and/or continue to be used in the Eastern District of Texas.*

5. Adobe admits that it makes and/or uses computer systems that are able to be used in conjunction with a Hadoop distributed file system. Adobe specifically denies that it has committed or is committing acts of patent infringement. Adobe otherwise denies the allegations in Paragraph 5 of the Complaint.

**VENUE**

¶6. *Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district.*

6. Adobe specifically denies that it has committed or is committing acts of patent infringement in the Eastern District of Texas, or in any other judicial district. Adobe admits that the minimum requisites for venue under 35 U.S.C. §§ 1391(b), 1391(c), and 1400(b) exist in this District but venue is more properly established in a district that would better serve the convenience of the parties and the interests of justice. Adobe maintains its right to seek a transfer of venue on forum non conveniens grounds or pursuant to 28 § U.S.C. 1404. Adobe otherwise denies the allegations in Paragraph 6 of the Complaint.

**COUNT I**

**(INFRINGEMENT OF UNITED STATES PATENT NO. 6,272,533)**

¶7. *Plaintiff incorporates paragraphs 1 through 6 herein by reference.*

7. Adobe specifically denies that has infringed or is infringing U.S. Patent No. 6,272,533 ("the '533 Patent"). Adobe otherwise incorporates its responses to Paragraphs 1 through 6 of the Complaint, set forth above, as though fully restated herein.

¶8. *This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.*

8. Adobe specifically denies that has infringed or is infringing the '533 Patent. Adobe admits that the Complaint purports to set forth a claim under the Patent Act. Adobe otherwise denies the allegations of Paragraph 8 of the Complaint.

*¶9. Plaintiff is the owner by assignment of the '533 Patent with sole rights to enforce the '533 Patent and sue infringers.*

9. Adobe is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 9 of the Complaint, and therefore denies those allegations.

*¶10. A copy of the '533 Patent, titled "Secure Computer System And Method Of Providing Secure Access To A Computer System Including A Stand Alone Switch Operable To Inhibit Data Corruption On A Storage Device," is attached hereto as Exhibit A.*

10. Adobe admits that Exhibit A to the Complaint appears to be a copy of the '533 Patent, and that the '533 Patent speaks for itself. Adobe admits that the '533 Patent is titled "Secure Computer System And Method Of Providing Secure Access To A Computer System Including A Stand Alone Switch Operable To Inhibit Data Corruption On A Storage Device."

*¶11. The '533 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.*

11. Adobe denies the allegations of Paragraph 11 of the Complaint.

*¶12. The '533 Patent is a prominent, pioneering patent in the field of computer security. This is evidenced in part by the extent to which the '533 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '533 Patent has been forward-cited in more than 130 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent*

*companies as Intel (94 times), Dot Hill Systems (12 times), IBM, Nikon, Dell, Seagate, Lenovo, McAfee, Hewlett Packard, Lockheed Martin, and STMicroelectronics.*

12. Adobe is without knowledge or information sufficient to form a belief regarding instances of citation to the '533 Patent, and therefore denies the allegations of Paragraph 12 of the Complaint with respect to such citations. Adobe otherwise denies the allegations of Paragraph 12 of the Complaint.

**(Direct Infringement)**

*¶13. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '533 Patent, including at least claim 29, by making, having made and/or using secure computer systems covered by one or more claims of the '533 Patent, including without limitation digital computer systems comprising one or more Hadoop-compatible file systems (the "Accused Instrumentalities"). A Hadoop distributed file system, often referred to by the acronym "HDFS," is a distributed file system that includes computer hardware (e.g., servers and memory) and computer software for performing program functions.*

13. Adobe specifically denies that it has committed or is committing acts of patent infringement. Adobe admits that a Hadoop distributed file system (or "HDFS") is a distributed file system that may be utilized on computer hardware and software. Adobe otherwise denies the allegations of Paragraph 13 of the Complaint.

*¶14. Upon information and belief, Defendant operates the components of the Accused Instrumentalities, including without limitation buses, processors, a data storage device, and a switch.*

14. Adobe specifically denies that it has committed or is committing acts of patent infringement. Adobe admits that it makes and/or uses computer systems that are able to be used in conjunction with a Hadoop distributed file system. Adobe admits that it operates computer systems including busses, processors, data storage devices, and switches. Adobe otherwise denies the allegations of Paragraph 14 of the Complaint.

¶15. *Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.*

15. Adobe denies the allegations of Paragraph 15 of the Complaint.

¶16. *Plaintiff is in compliance with 35 U.S.C. § 287.*

16. Adobe is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 of the Complaint, and therefore denies those allegations.

## GENERAL DENIAL

Except as explicitly admitted herein, Adobe denies each and every allegation contained in Plaintiff's Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

*WHEREFORE, Plaintiff respectfully requests the Court to:*

a) *Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;*

b) *Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 6,272,533 (or, in*

*the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);*

c) *Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;*

d) *Award Plaintiff pre-judgment and post-judgment interest and costs;*

e) *Enter judgment and an order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and*

f) *Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.*

To the extent that Plaintiff's Prayer for Relief is deemed to allege any facts or entitlements to the relief requested, Adobe denies each and every allegation. Specifically, Adobe denies that Plaintiff is entitled to any of the relief set forth in the Complaint.

## DEFENSES

Further answering the Complaint, Adobe asserts the following defenses without assuming any burden that it otherwise would not have. Adobe reserves the right to amend its Answer with additional defenses as further information is obtained.

### First Defense: Non-Infringement of the '533 Patent

1. Adobe has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '533 Patent under any theory of infringement, including either literally or by the doctrine of equivalents, and is not liable for infringement thereof.

### Second Defense: Invalidity of the '533 Patent

2. On information and belief, the claims of the '533 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, 282, *et seq.*, and the doctrine of obviousness-type double patenting.

### Third Defense: Failure to State a Claim

3. Plaintiff's purported claims, individually and as a whole, are barred because they fail to state a claim upon which relief can be granted.

### Fourth Defense: Dedication to the Public

4. Plaintiff has dedicated to the public all methods, systems, apparatuses, and products disclosed in the asserted patent but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, systems, apparatuses, or products.

### Fifth Defense: Equitable Defenses

5. Plaintiff's claims may be barred, in whole or in part, by estoppel, laches, waiver, acquiescence, unclean hands or other equitable doctrines.

### Sixth Defense: Failure to Mitigate Damages

6. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### Seventh Defense: Damages Limited

7. Plaintiff's claims may be barred or otherwise limited, in whole or in part, pursuant to 35 U.S.C. §§ 286 and 287.

### Eighth Defense: Prosecution History Estoppel

8. On information and belief, Plaintiff's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the asserted patent covers or includes any accused method, system, apparatus, or product of Adobe.

### Ninth Defense: License, Covenant Not to Sue, Exhaustion

9. To the extent that any of Plaintiff's allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatuses, or products that were manufactured by or for a licensee of the owner or assignee of the '533 Patent or its predecessors-in-interest or provided to Adobe by or for a licensee of the owner or assignee of the '533 Patent or its predecessors-in-interest, or under a covenant not to sue, such allegations are barred pursuant to license or exhaustion.

### Tenth Defense: Failure To Provide Notice

10. Plaintiff did not notify Adobe of any relevant patent prior to commencing this lawsuit against Adobe.

### Eleventh Defense: No Entitlement To An Injunction

11. On information and belief, Plaintiff does not presently engage in current commercial activity that practices any claim of the '533 Patent.

12. Plaintiff cannot show that it has suffered or will suffer any irreparable injury as a result of Adobe's actions.

13. Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Adobe's actions.

14. Plaintiff cannot show that, considering the balance of hardships between Plaintiff

and Adobe, a remedy in equity is warranted.

15. Plaintiff cannot show that the public interest favors an injunction against Adobe.

16. Plaintiff can meet none of the requirements for an injunction. Plaintiff is not entitled to an injunction.

**Twelfth Defense: Plaintiff's Obligation to License**

**Under Fair, Reasonable and Non-Discriminatory Terms**

17. Upon information and belief, the '533 Patent may be a "standards-essential" patent that is encumbered by an agreement with standards-developing organizations including, but not limited to, the National Institute of Standards and Technology, requiring Plaintiff to license the '533 Patent under fair, reasonable, and non-discriminatory terms.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Defendant and Counter-Claimant Adobe Systems Incorporated ("Adobe"), brings the following Counterclaims against Plaintiff and Counterclaim-Defendant PanTaurus LLC ("PanTaurus"), and states as follows:

**PARTIES AND ACTION**

1. Adobe is a corporation organized and existing under the laws of Delaware, with a principal place of business at 345 Park Avenue, San Jose, California 95110.

2. According to Paragraph 3 of the Complaint, PanTaurus is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 2305 North Street, Suite 205, Beaumont, Texas 77702.

3. PanTaurus alleges that it owns United States Patent No. 6,272,533 ("the '533 Patent"), titled "Secure Computer System And Method Of Providing Secure Access To A

Computer System Including A Stand Alone Switch Operable To Inhibit Data Corruption On A Storage Device."

4. PanTaurus alleges Adobe has infringed and will infringe the '533 Patent through specific acts described in the Complaint.

## JURISDICTION

5. Adobe realleges and incorporates by reference the allegations of Paragraphs 1 through 4 of the Counterclaims, set forth above, as though fully restated herein.

6. This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

7. This Court may declare the rights and other legal relations of the parties involved pursuant to 28 U.S.C. §§ 2201 and 2202 because this action is based on a case of actual controversy within the Court's jurisdiction, and seeks a declaratory judgment that Adobe has not and will not infringe the claims of the '533 Patent and that the claims of the '533 Patent are invalid.

8. While Adobe does not concede that this Court is the most convenient forum with respect to the action brought by PanTaurus, should PanTaurus's action remain in this venue, venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) for at least the reason that, in filing its Complaint, PanTaurus has submitted to venue in this district.

## COUNT ONE

## DECLARATION OF NONINFRINGEMENT OF THE '533 PATENT

9. Adobe realleges and incorporates by reference the allegations of Paragraphs 1 through 8 of the Counterclaims, set forth above, as though fully restated herein.

10. A present genuine and justiciable controversy exists between Adobe and PanTaurus regarding, inter alia, the issue of whether Adobe has infringed or will infringe the claims of the '533 Patent.

11. Adobe has not infringed and is not infringing, directly, by inducement, or contributorily, any claim of the '553 Patent asserted against it, either literally or under the doctrine of equivalents, and is not liable for infringement thereof, and PanTaurus has no reasonable basis for asserting otherwise.

12. To resolve the legal and factual questions raised by PanTaurus, and to afford relief from the uncertainty and controversy that PanTaurus's accusations have precipitated, Adobe is entitled to a declaratory judgment that it does not infringe and has not infringed any claim of the '533 Patent.

## COUNT TWO

## DECLARATION OF INVALIDITY OF THE '533 PATENT

13. Adobe realleges and incorporates by reference the allegations of Paragraphs 1 through 12 of the Counterclaims, set forth above, as though fully restated herein.

14. A present genuine and justiciable controversy exists between Adobe and PanTaurus regarding, inter alia, the invalidity of the claims of the '533 Patent.

15. The claims of the '533 Patent are invalid and unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 282, et seq., and the doctrine of obviousness-type double patenting.

16. To resolve the legal and factual questions raised by PanTaurus, and to afford relief from the uncertainty and controversy that PanTaurus's accusations have precipitated, Adobe is entitled to a declaratory judgment that the claims of the '533 Patent are invalid and

unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Adobe respectfully requests that this Court enter a Judgment and Order in Adobe's favor and against PanTaurus as follows:

A.    Dismissing PanTaurus's Complaint in its entirety, with prejudice, and finding that Counterclaim-Defendant recovers nothing thereon;

B.    Declaring that the claims of United States Patent No. 6,272,533 have not been infringed by Adobe;

C.    Declaring that the claims of United States Patent No. 6,272,533 are invalid, void, and unenforceable against Adobe;

D.    Finding that this case is exceptional under 35 U.S.C. § 285;

E.    Awarding to Adobe its costs, including expert fees, disbursements, and reasonable attorneys' fees in this action, together with interest (including prejudgment interest) thereon;

F.    Enjoining PanTaurus and persons or entities under its control from threatening or charging infringement of, or instituting or maintaining any action for infringement of United States Patent No. 6,272,533 against Adobe or any other Adobe entity on account of the manufacture, use, offer for sale, sale, or importation of the methods, systems, apparatuses, or products described in the Complaint; and,

G.    Awarding such further relief to Adobe as may be appropriate.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Adobe hereby respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: December 12, 2014

*/s/ Michael E. Jones*
Michael E. Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, P.C.
Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 595-0846

Jeffrey J. Toney
Georgia Bar No. 714615
jtoney@kasowitz.com
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
Two Midtown Plaza
1349 West Peachtree Street, N.W.
Suite 1500
Atlanta, Georgia 30309
Telephone: 404-260-6080
Facsimile: 404-260-6081

Jonathan K. Waldrop
California Bar No. 297903
jwaldrop@kasowitz.com
Robert P. Watkins III
California Bar No. 298571
rwatkins@kasowitz.com
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
Tel: (650) 453-5170
Fax: (650) 453-5171

Attorneys for Defendant
ADOBE SYSTEMS INCORPORATED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 12, 2014.

*/s/ Michael E. Jones*